NO. 07-10-0168-CR
NO. 07-10-0169-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 16, 2011
_____

JOE MIKE MADRID II, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NOS. 19,877-B & 21,342-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Joe Mike Madrid II, was convicted by a jury of sexual assault of a child[1] and indecency with a child.[2] He was sentenced to ten years confinement for each offense with the two sentences to run concurrently. In a single issue, Appellant asserts

---

[1]*See* Tex. Penal Code Ann. § 22.011(a)(2) (West 2011).

[2]*See* Tex. Penal Code Ann. § 21.11(a)(2) (West 2011).

the trial court erred by not permitting him to cross-examine the victim, D.C., on her sexual behavior prior to the offense being committed.  We affirm.

## Background

In March 2008, an indictment was returned alleging that, on or about May 29, 2007, Appellant intentionally and knowingly caused the penetration of the female sex organ of D.C., a child younger than seventeen years old who was not Appellant's spouse, by Appellant's sexual organ.  A second indictment was returned alleging that, on or about May 29, 2007, Appellant, with intent to arouse and gratify his sexual desire, intentionally and knowingly engaged in sexual contact with D.C., a child younger than seventeen years old and not Appellant's spouse, by touching D.C.'s breast.  These two actions, Cause No. 19,877-B and 21,342-B were consolidated for trial on the State's motion.

Prior to trial, the trial court granted the State's motion in limine prohibiting Appellant from directly or indirectly referring to "any evidence of reputation or opinion evidence of the past sexual behaviors of [D.C.], the victim in this case" or "any evidence of specific instances of past sexual behavior of [D.C.]" without first having taken the matter up with the trial court outside the presence of the jury.

In April 2010, a three-day jury trial was held.  During cross-examination of D.C., Appellant asked her if she had confided to her mother that she had sex with a boy and lost her virginity prior to January 2007.  The State immediately objected based upon the trial court's ruling on its motion in limine.  In response, Appellant asserted the question

2

should be permitted to impeach D.C.'s prior inconsistent statement.[3]  The trial court twice offered to immediately hold an *in-camera* hearing on the matter.  When Appellant did not take the trial court up on either offer, the trial court granted the State's objection and instructed the jury to disregard the question.  At the conclusion of D.C.'s testimony, Appellant asked that D.C. be subject to recall and the trial court ordered D.C. to return the next day at 9:00 a.m.

The next morning, the following exchange occurred, in pertinent part:

DEFENSE COUNSEL:  All right.  The other thing I need to bring up, Your Honor, is since we're putting on our case today, I guess we need to have our rape shield law *in-camera* hearing.

COURT:  Okay.

DEFENSE COUNSEL:  What I intend to offer is – what I intend to offer, [C.B.], the mother of [D.C.], is going to testify.  She will testify to the fact that [D.C.] told her in January of 2007 that she had lost her virginity to a boy from Clovis, and she didn't want to reveal who that boy was because she didn't want to get that boy in trouble. . . .

COURT:  And that's through her mother?

DEFENSE COUNSEL:  Through her mother.

COURT:  And the witness that I went ahead and –

DEFENSE COUNSEL:  I'm not anticipating calling her unless it's rebuttal.

\*    \*    \*

DEFENSE COUNSEL:  We'll get her, Your Honor.

STATE:  Do you have – have you asked [C.B.] to be here?

DEFENSE COUNSEL:  Uh-huh.

\*    \*    \*

---

[3]On direct examination, D.C. testified she had not engaged in sex prior to the assault in May 2007.

3

DEFENSE COUNSEL:  [C.B.], you are [D.C.]'s mother?

C.B.:  Yes, I am.

DEFENSE COUNSEL:  When did [D.C.] first confide to you that she had had sex?

C.B.:  In 2006 --- 2000 ---late 2006, I believe.

DEFENSE COUNSEL:  Okay.

C.B.:  Early 2007.

DEFENSE COUNSEL:  Okay.  What did she tell you about that?

C.B.:  That she had lost her virginity to a little boy at school.

\*     \*     \*

COURT:  Okay.  Well, based upon that, then, I'll allow her to testify as to that alleged prior inconsistent statement. . . .

Following the hearing, Appellant was permitted to examine D.C.'s mother before the jury and ask whether D.C. had confided in her in early 2007 whether she had lost her virginity to a boy at school.  At the trial's conclusion, the jury convicted Appellant and sentenced him to ten years confinement.  This appeal followed.

## Discussion

Appellant asserts that during cross-examination, the trial court erred by not permitting him to ask D.C. whether she had told her mother that she lost her virginity in January 2007.  Although the same evidence was later admitted through D.C.'s mother in Appellant's case-in-chief, Appellant asserts the jury should have been able to observe D.C.'s reaction to the question in order to better gauge D.C.'s credibility.

4

We find Appellant waived any objection to the trial court's ruling because D.C. was subsequently available to testify at the *in-camera* hearing and/or in Appellant's case-in-chief; however, Appellant chose not to recall her and instead went forward with her mother's testimony. Following the *in-camera* hearing, Appellant was allowed to ask C.B. the question in his case-in-chief that was not allowed during D.C.'s cross-examination. Thus, error, if any, in granting the State's objection during D.C.'s cross-examination was rendered harmless when Appellant was able to solicit the same evidence during its case-in-chief without objection. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex.Crim.App. 2004). *See also Leday v. State,* 983 S.W.2d 713, 718 (Tex.Crim.App. 1998) ("Our rule . . . is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained of ruling.")

During oral argument, Appellant asserted the trial court's refusal to permit Appellant's question during D.C.'s cross-examination violated his right to confront witnesses under the Sixth Amendment to the United States Constitution. A Confrontation Clause objection must be made in the trial court to preserve a Confrontation Clause complaint for review on appeal. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004). *See also Smith v. State*, No. 09-10-00211-CR, 2011 Tex. App. LEXIS 5338, at *3 (Tex.App.—Beaumont July 13, 2011, no pet.) (mem. op., not designated for publication). Because Appellant failed to articulate to the trial court that the Confrontation Clause required that D.C. answer Appellant's question, Appellant's constitutional argument was not preserved for our review. *See Reyna v.*

*State*, 168 S.W.3d 173, 179 (Tex.Crim.App. 2005) (citing *Paredes*, 129 S.W.3d at 535)).

*See also* Tex. R. App. P. 33.1(a)(1).  Appellant's single issue is overruled.

## CONCLUSION

The trial court's judgments are affirmed.

Patrick A. Pirtle<br>
Justice

Do not publish.